**SO ORDERED.**

**SIGNED this 28 day of March, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

WILLIAM CHARLES HONEYCUTT and            CASE NO. 09-09488-8-JRL
LORI CARTER HONEYCUTT,
                                         Chapter 13
    DEBTORS.

### ORDER

This matter came before the court on the debtors' motion for proposed abandonment of property.

The debtors filed a voluntary chapter 13 petition on October 30, 2009. An order confirming the debtors' chapter 13 plan was entered on February 9, 2010. Following confirmation, the debtors sought an order from the court compelling the trustee to abandon the debtors' 2005 GMC Sierra, which secures CitiFinancial's loan for approximately $18,500.00, because the vehicle is burdensome and of no economic value to the estate. Debtors contend the vehicle's fair market value is approximately the amount owed to CitiFinancial.

Section 554 of the Bankruptcy Code gives the trustee the right to abandon property of the estate that is burdensome or of inconsequential value to the estate. 11 U.S.C. §554(a). A party in interest, such as the debtor, may request the court order the trustee to abandon property found

to be burdensome or of inconsequential value. §554(b). Central to the provision on abandonment is that the property at issue be property of the estate. Id. ("the court may order the trustee to abandon any property of the estate . . . ."). The debtors' plan was confirmed on February 9, 2010. Section 1327(b) states that confirmation of the plan "vests all of the property of the estate in the debtor." Therefore, the debtors' vehicle is no longer property of the estate and thus not subject to an order to abandon property under §554.

The debtors' motion to surrender is **DENIED** with leave to file a motion to modify the plan should the debtors still wish to surrender the vehicle.

**END OF DOCUMENT.**